# THE BARRINGTON APARTMENT ASSOCIATION, RESPONDENT, *v.* HENRI O. WATSON, APPELLANT, IMPLEADED WITH ROBERT E. STEWART AND RICHARD A. SAALFIELD.

*Injunction — when granted to restrain a lessee from assigning or subletting, in violation of the covenants of his lease.*

The plaintiff is the owner of an apartment house known as the Barrington, which was constructed mainly for the purpose of occupation by its original projectors. The plaintiff let to the defendant Stewart an apartment by a lease, containing covenants prohibiting the leasing or subleasing of the apartment without the written consent of the plaintiff, and expressly providing that, if consent were given, it should not be deemed a consent to any subsequent assignment, or letting or subletting, but that for each such subsequent assignment or letting, the consent of the plaintiff should be obtained. Stewart, with the consent of the plaintiff, sublet the apartment to the defendant Watson, by an instrument which contained no covenant against assigning or subletting. The defendant Watson threatening to sublet the apartment to one Saalfield, who was objectionable to the plaintiff, this action was brought to restrain and prevent the execution of the said sublease.

*Held,* that an order continuing a temporary injunction granted in the action should be affirmed.

APPEAL by the defendant Watson from an order made by Mr. Justice LAWRENCE continuing an injunction.

The plaintiff let to the defendant Stewart an apartment in the apartment house known as the "Barrington," in the city of New York, for a term of three years from 1st May, 1883, at an annual rent of $1,800. The lease contained the following, among other covenants on the part of the lessee : " That neither the said premises

nor the said lease, nor any part thereof, should be assigned or let or underlet, or used or permitted to be used, for any purpose other than above mentioned, without the written consent of said lessor or its legal representatives, duly executed and proven," and that " any consent to an assignment, letting, subletting or use for such other purpose should not be deemed a consent to any subsequent assignment, letting or subletting or use for such other purpose, but that for every such subsequent or successive letting, subletting or use for such other purpose, the express consent in writing of the lessor should be required."

Thereafter, in October, 1883, the defendant Stewart, with the plaintiff's consent, sublet the apartment to the defendant Watson by a lease which contained no covenant prohibiting Watson from assigning, letting or subletting the lease, without the consent of the plaintiff. The defendant Watson, thereafter, and immediately before the commencement of this action, threatened, without the plaintiff's consent, to sublet the apartment to the defendant Saalfield, a person objectionable to the plaintiff. This action was brought, among other things, to restrain the defendant Watson from letting or subletting the apartment without the written consent of the plaintiff. A preliminary injunction so restraining the defendant Watson and also restraining Saalfield from entering into the premises under a lease alleged to have been made to him by Watson was granted. Upon the argument the injunction was continued as to Watson, but dissolved as to Saalfield, who denied that he had any intention of entering the premises and denied that he had any sublease thereof.

From the order continuing the injunction the defendant Watson appeals.

The reason for the provision of the lease as to subletting was alleged in the complaint to be as follows: " That the plaintiff was incorporated mainly for the purpose of constructing apartments to be occupied by its original projectors and stockholders; that the greater number of the apartments in the building, wherein are the premises before mentioned in this complaint, are now occupied by said original projectors and stockholders of the plaintiff corporation, and it is important for the comfort of said projectors and stockholders that no persons should be admitted to the occupation of said premises, other than persons who are thoroughly acceptable in

every respect to the persons already owning or occupying other apartments in the building; that for that reason the agreements before mentioned in the said agreement of lease, requiring the consent of the lessor to any assignment or subletting of lease of premises, were inserted therein, and for the same reason the same clause is inserted in all leases which are made by the plaintiff for any of its apartments in its said building."

*George H. Forster,* for the appellant.

*Albert Stickney,* for the respondent.

Brady, J. :

Under section 604 of the Code of Civil Proceedure, upon the facts presented by the record, the plaintiff was entitled to an injunction restraining the defendant from letting or subletting or assigning any of the leased premises mentioned in the complaint without its written consent.

The premises to which this controversy relates are in the apartment house known as the *Barrington,* of this city, which is owned by the plaintiff and which was constructed mainly for the purpose of occupation by its original projectors and stockholders. The premises occupied by the appellant were hired by him from Robert E. Stewart, a lessee of the plaintiff. The lease contained covenants prohibitory of the leasing of the premises to another without a written consent, and expressly provided that if consent were given it should not be deemed a consent to any subsequent assignment or letting or subletting, but that every such subsequent or successive letting or subletting must be predicated of the consent of the plaintiff as lessor.

It is conceded by the appellant in his answer that for the reasons therein assigned, he contemplated subletting the premises and without the consent of the plaintiff. The learned justice, in disposing of the motion, expressed himself elaborately and in an opinion which clearly and satisfactorily disposes of the questions involved. His judgment was founded upon a conclusion justified by the evidence submitted to him, that the appellant not having obtained from the plaintiff its consent to subletting the premises occupied by him, his attempt to do so was a violation of the covenant. And that conclusion disposes of the whole case.

The learned counsel for the appellant seems to think it was necessary to show the contemplated act, one which would occasion injury, and that none was shown nor was it demonstrated that irreparable damage would result from the act designed; which was necessary in order to entitle the plaintiff to the injunction sought. This may be regarded as the general rule. (*T. and B. R. R. Co.* v. *B., H. T. and W. R. R. Co.*, 86 N. Y. 107.) But courts of equity very frequently grant injunctions in the nature of a specific performance to restrain the violation by a tenant of his agreement. (Eden on Injunctions [1st Am. ed.], and cases cited; Taylor's Land. and Ten., pp. 329, 330.)

The plaintiff having been, as already shown, organized for occupation by the original projectors and stockholders, the propriety of enforcing rules by which the objects of the organization should be carried out is manifest, and for that purpose the covenant against subletting was restrictive; and to allow a violation of it and remit the plaintiff to damages would be in effect an invasion and demolition of the design of construction.

For these reasons we think the order appealed from should be affirmed.

DAVIS, P. J., and DANIELS, J., concurred.

Order affirmed.